UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | | |
|---|---|---|
| TONYA COMBES | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action Number: |
| | § | |
| LLOYD J. AUSTIN, Secretary of | § | |
| Defense of the United States, | § | |
|     Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Tonya Combes is a proud military veteran who served her country for many years on the battlefield, and returned, as so many veterans do, with Post Traumatic Stress Disorder (PTSD). This complaint results from the stubborn refusal of her employer, the United States Army Corps of Engineers, to provider her with a reasonable accommodation for her disabilities.

## PARTIES

1.    Plaintiff, Tonya Combes, is an adult individual residing in Lebo, Kansas.

2.    Defendant, Lloyd J. Austin, is the Secretary of Defense for the United States of America and is sued in his capacity as head of a department in the executive branch of the Federal Government. Defendant may be served with process at his business address, Office of the Secretary of Defense, 1000 Defense Pentagon, Washington, DC 20301-1000. A copy of this complaint is also served on Merrick Garland, U.S. Attorney General, and Kate E. Brubacher, U.S. Attorney for the District of Kansas.

## JURISDICTION AND VENUE

3.      This is an action under Section 504 of the Rehabilitation Act of 1973, as amended, (Rehabilitation Act), 29 U.S.C. § 791 et seq.  Plaintiff seeks declaratory, injunctive and compensatory relief for disability discrimination in the form of failure to accommodate as required by federal law.

4.      Venue is invoked pursuant to 42 U.S.C. 2000e, which governs venue in cases under the Rehabilitation Act.  The unlawful employment practices challenged in this lawsuit were committed in the District of Kansas, and the decision to deny the accommodation and failure to engage in a good faith interactive accommodation process occurred in the District of Kansas.

5.      This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1331, § 504 of the Rehabilitation Act of 1973, as amended (Rehabilitation Act), 29 U.S.C. § 791 et seq., and 42 U.S.C. § 2000e-5(f)(3), which is incorporated into the ADAAA at 42 U.S.C. § 12117(a).

6.      The Defendant is a covered employer within the meaning of the Rehabilitation Act.

7.      The Plaintiff was discriminated against because of her disabilities, which include chronic kidney disease (CKD) and PTSD.  Defendant has breached its duty of accommodation.  At all times relevant to this lawsuit, Plaintiff was a qualified individual with disabilities.

8.     The Defendant, as a federal agency, is charged with being a role model for employees with respect to the civil rights of workers.

STATEMENT OF FACTS

9.     Ms. Combes has been employed by Defendant since 2013, after an honorable and distinguished career with the United States Marine Corps and National Guard.

10.    Ms. Combes was born in California, and after graduating high school, she enrolled in the United States Marine Corps and then completed the Logistic training program at Camp Johnson in North Carolina.  She joined the USMC in 1994 and served in the Marine Corps and then the National Guard.  She became proficient at logistics and moving equipment and materiel around the world.

11.    Among her deployments during wartime, she served at the Camp Airfjan Army Base in Kuwait.  Her duties there included driving Heavy Equipment Transporter Systems (HETS) and training Iraqis with tanks.  Few women played such a role, but Ms. Combes did, with distinction.

12.    During her service in Kuwait, Iraq and Afghanistan, she was responsible for moving tanks and other equipment and for teaching Iraqi forces how to move such equipment.  During her service, she was an eyewitness to the carnage caused by IEDs, bombs and unspeakable violence.  She was an eyewitness to mutilation, death, and destruction on a horrible scale.

13.    Shortly before her deployment ended, Ms. Combes was involved in a violent ambush by a Mexican drug cartel while assisting Border Patrol personnel build a fence near

the California-Mexico Border.  The cartel were armed with poison-filled syringes to kill all who were involved.  They also catapulted boulders to hit the troops working on the fence.

14.     Like many veterans, she came home with a condition that war causes:  PTSD. She continued to serve her country and became involved with the United States Critical Incident Stress Management (CISM) teams.  The purpose of CISM is to mitigate the impact of a crisis, accelerate the recovery process, and assess the need for additional and/or alternative services.  It is used before, during, and after a particular emergency event.

15.     After her military service, Ms. Combes got married and helped her husband and his children on a Kansas farm.  In 2013, she applied to work as a Support Services Specialist for the United States Army Corps of Engineers.  She was well qualified and was offered the job, which she accepted.  When Ms. Combes was hired, Defendant was made aware of her PTSD.  Ms. Combes' symptoms include anxiety, flashbacks and headaches.  These occur with triggers that cause flashbacks and the pain and suffering that accompanies them.

16.     She also lives with chronic kidney disease, which affects the blood flow in and out of her only remaining functioning kidney.  This has required careful management and has necessitated more than 25 surgeries.  This too was disclosed to Defendant at the time of her employment.  From 2013 to 2018, she worked hard to overcome her disabilities, but needed an accommodation.   One of her friends, a follow veteran, alerted her to the prospect of having a service dog to mitigate the symptoms of her disabilities.  Ms. Combes spoke with her physician, Dr. Charisse Symmonds, and Dr. Symmonds supported the idea. Her daughter had located a dog named Taliha at the Colley County Humane Society.  Taliha was three

4

years old at that time.  Taliha then underwent extensive training.  Taliha was trained to mitigate Ms. Combes' symptoms of both CKD and PTSD.  Dr. Symmonds recommended that Taliha accompany Ms. Combes since it mitigates the symptoms of her disabilities.

17.     Then came the Covid-19 epidemic.  Ms. Combes, along with her coworkers, were told to work remotely, and she did, with Taliha at her side.  The dog performed well, assisting Ms. Combes in diverting and preventing flashbacks, and alerting her to serious kidney malfunctions.

18.     When in-person work started again in February 2022, Ms. Combes returned to the office with her service dog, Taliha.  She did so after confirming that Defendant had no rule prohibiting service dogs at work.  Despite there being no rule against service dogs, Defendant, on March 14, 2022, instructed Ms. Combes to complete a form requesting an accommodation and told her that her service dog was not permitted.  Ms. Combes immediately requested said accommodation.

19.     For the next seven months, Defendant dodged her requests, sending multiple form letters that demanded more and more documentation which was not necessary in the good faith interactive process that Defendant is supposed to follow.  It also demanded that her personal physician complete forms on numerous occasions.  She complied, but Defendant steadfastly refused to engage in a good faith interactive process.

20.     After months of delay, Ms. Combes inquired about the status of her request for accommodation.  This was on or about August 8, 2022.  A meeting was scheduled for August 12, 2022.  During the meeting, she was asked numerous questions that were not germane to

her request and were confrontational.  The Defendant's representative cross examined her on which of her job tasks the dog would perform.  Ms. Combes explained that its failure to honor her request was causing her more flashbacks and suffering at work.  She told the representative that she was feeling helpless and occasionally had suicidal ideation.  He was cold and unsupportive and offered no ideas or suggestions for a reasonable accommodation. A week later, Ms. Combes finally received an email from Defendant, but instead of working with her, it referred her to the National Suicide Hotline and other organizations.

21.     Finally on September 1, 2022, Defendant denied her request for accommodation and offered no alternative at all.  At all times, Defendant refused to consider the fact that Taliha had been working successfully alongside Ms. Combes while working remotely.

22.     Defendant did not conduct an individual assessment of Ms. Combes' accommodation request, nor has it engaged in an interactive good faith dialogue with her.

23.     It just said no, despite the fact that there was no rule prohibiting service dogs.

<u>ALLEGATIONS OF DEFENDANT'S VIOLATION OF THE REHABILITATION ACT</u>

24.      Ms. Combes incorporates by reference all of the above allegations in the Complaint.

25.     Ms. Combes was at all times qualified and eligible for an accommodation.

26.     Ms. Combes was discriminated against and denied a reasonable accommodation within the meaning of the Rehabilitation Act.

27.     As a result of this conduct, Defendant has caused Ms. Combes emotional and other harm.

PRAYER FOR RELIEF

WHEREFORE, Ms. Combes demands: (1) judgment against Defendant in an amount to make her whole for all damages suffered by her as a result of Defendant's violation of the Rehabilitation Act, including but not limited to compensatory damages, and all other damages recoverable under the Rehabilitation Act, plus prejudgment and other interest; (2) that this Court enjoin Defendant from further violating the Rehabilitation Act; (3) that this Court order Defendant to accommodate her and order all other remedies to make her whole under the Rehabilitation Act; (4) that this Court award Ms. Combes expert witness fees, attorneys' fees and the cost of bringing this action; and (5) that this Court grant her all other relief that she is entitled to under law and equity.

A JURY TRIAL IS DEMANDED.

DESIGNATED PLACE OF TRIAL

Plaintiff, by and through counsel, hereby designates the United States District Court for the District of Kansas at Kansas City as the place of trial.

Respectfully submitted,

/s/ Dennis Egan
District of Kansas Bar No. 70672
The Popham Law Firm
712 Broadway, Ste. 100
Kansas City, MO 64105
Tel. 816-512-2628
Fax 816-221-3999

/s/ John W. Griffin, Jr.
TX Bar No. 08460300
jwg@lawmgk.com
Robert E. McKnight, Jr.
TX Bar No. 24051839
Marek, Griffin & Knaupp
203 N. Liberty St.
Victoria, TX 77901
Tel. 361-573-5500
Fax 361-573-5040

Counsel for Plaintiff